(72 South. 288)

No. 20812.

BABIN v. NEW ORLEANS RY. & LIGHT CO.

(June 5, 1916. Rehearing Denied June 30, 1916.)

*(Syllabus by the Court.)*

CARRIERS ⬮331(6)—INJURY TO STREET CAR PASSENGER—CONTRIBUTORY NEGLIGENCE.

A passenger on a street car, who knows that the windows are screened and barred in order to prevent those who ride in it from putting their heads, arms, and elbows out and receiving injuries from cars upon an adjacent track, trees, or other objects from which such injury may be threatened, who has also observed the posted notices giving warning upon that subject, and who, nevertheless, standing upon the platform, leans upon the closed grill, or gate, and projects his elbow beyond the side line of the car, is not entitled to recover damages for an injury sustained from a car passing upon the adjacent track, since such injury must be attributed to the want of ordinary care on his part which his information requires.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1380; Dec. Dig. ⬮331(6).]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Antoine C. Babin, for the benefit of Ernest J. Babin, a minor, against the New Orleans Railway & Light Company, wherein Ernest J. Babin, on attaining majority, made himself a party plaintiff. From judgment for defendant, plaintiff Ernest J. Babin appeals. Affirmed.

Titche & Rogers, of New Orleans, for appellant. Dart, Kernan & Dart, of New Orleans, for appellee.

MONROE, C. J. Plaintiff brought this suit for the benefit of his son, then a minor, to recover damages for an injury sustained by the latter whilst riding in one of the defendant's cars, and the son, thereafter attaining majority, made himself party plaintiff, and now prosecutes the appeal from a judgment rejecting his demands.

The material facts developed on the trial

were as follows: Plaintiff, a journey-man carpenter, boarded a Canal Belt car, at Esplanade avenue and Rampart street, with a view of being taken uptown, and, the car being pretty well filled with passengers, he took a standing position on the left side of the rear platform, with his face to the front, his left arm resting on the closed grill, or gate, and his elbow projecting beyond the line of the side of the car. When the car reached a point between St. Philip and Dumaine streets, it passed, and was passed upon, its left side by, another car, moving downtown, upon the parallel and adjacent track, and some part of it, in passing, struck plaintiff's projecting elbow and inflicted the injury of which he complains. The two tracks on Rampart street are laid upon the neutral ground, upon either border of which there is a row of trees, and, in order to enable the cars to clear the trees, the tracks are laid closer together than they would otherwise be. So that, the overhang of the cars considered, they clear each other by only a few inches, which distance may be increased or diminished according to circumstances, that is to say, as the cars are going faster or slower, and as they may sway the one way or the other; the chances of their swaying being, in turn, affected by the condition of their wheels, and their relative positions on the tracks—wheels which are worn allowing somewhat more play or oscillation, and a car moving on a curve being more likely to sway than one moving on a tangent. That condition of affairs defendant had endeavored to remedy by asking permission to remove the trees, and (not succeeding in that) had endeavored to provide against it by having the windows of the cars so screened and barred as to render it impossible for passengers to put their heads, arms, or elbows out of them, and, by posting notices of warning on that subject; also, by diligent inspection of their cars and tracks, which are shown by the evidence to have been in at least reasonably good repair.

Plaintiff admitted that he knew that the windows were thus screened and barred, and understood the purpose, and that he had seen the warning notices; and, as it is clearly apparent that he would not have been injured if he had exercised the ordinary care which that information required of him, we are of opinion that the judge a quo correctly decided that he is not entitled to recover the damages which he here claims upon the theory that his injury resulted from the fault of another rather than of himself.

The judgment appealed from is therefore affirmed.