Shortly after darkness had commenced on the evening of April 24, 1938, plaintiff, Henley Fallin, fell from a motortruck that was traveling along a street in the Town of Jonesboro, Louisiana, and was injured.
In this cause he seeks damages for the injuries sustained, asserting that the unexpected striking by the moving vehicle of a manhole cover protruding above the level of the street, together with the accompanying bumping and bouncing of the machine caused his dislodgment and fall. The named municipality, being the only defendant herein, is charged with negligence in permitting the existence in its street of such an allegedly dangerous obstruction, and sole responsibility for the accident is attributed to it.
Defendant denies negligence on its part and all liability for the consequences of the accident. Alternatively, it pleads contributory negligence by plaintiff in bar of the claim asserted.
Evidence was adduced on all of the issues created by the pleadings, and the district court, after trial and submission of the case, rendered judgment sustaining the plea of contributory negligence, rejecting the demands of plaintiff, and dismissing the suit. This appeal followed.
The truck from which plaintiff experienced his fall was a one and one-half ton Ford V-8, equipped for use in the business of log hauling. That part of its steel frame situated behind the cab was floored with boards, the flooring having a total width of 2 1/2 or 3 feet and running back to the rear cross-beam. Seated on this floor during the journey in question were four persons, including plaintiff, two of whom faced the right side and were back to back with the remaining two. Plaintiff sat next to the left rear dual wheels with his feet dangling. Nothing was available to which he could hold or grasp. The driver and two others rode in the cab.
At the time, a paving program was being undertaken throughout the Town of Jonesboro. Signs located at various points imparted this information, and plaintiff and his companions had knowledge of it. The truck was traveling at a speed of from 15 to 20 miles per hour from east to west along one of the incompleted streets that coursed and sloped in the named direction. Only the base or foundation of such passageway had been laid, the asphalting thereof remaining for future performance, but vehicular traffic was allowed the use of *Page 518 
it as in the case of other streets in a like condition.
Near the thoroughfare's center, in an intersection, was the protruding manhole cover. Approximately 15 feet from it hung a street light containing a 500 Watt bulb. The protrusion above the foundation was 1 1/2 inches on the cover's east edge and 3 inches on its west side. Plaintiff's fall occurred as the right rear dual wheel passed over the object, the east side thereof being first encountered.
There are well-recognized principles of law, in the light of which the facts of this case are to be considered, to the effect that a municipal corporation is not responsible for every accident that may occur on its streets. It neither guarantees the safety of travelers thereon nor insures against all injury which may result from obstructions or defects therein. Furthermore, it does not warrant that the streets will be free from obstructions or defects or that they will be absolutely perfect and safe at all times. The municipality's duty is only to use ordinary diligence in maintaining them in a reasonably safe condition for persons exercising ordinary care and prudence. 13 Ruling Case Law (verbo Highways) Section 289; 25 American Jurisprudence (verbo Highways) Section 373; Millstead v. City of New Orleans, La.App., 146 So. 492.
Another doctrine appropriate to this consideration is: "Persons traveling on a street or highway are bound to use reasonable care and prudence for their own safety, and negligence on the part of the plaintiff is therefore a good defense to an action for injuries resulting from defects or obstructions in streets or highways, provided it is one of the efficient and proximate causes of the accident, and not a mere condition or occasion of it. The traveler is, however, required to exercise only ordinary care, that is, to act as a reasonably prudent and careful man would act, considering all the circumstances surrounding him; he is not bound to exercise extraordinary care, or the highest degree of precaution. Nor need it be shown that he necessarily came in contact with the obstruction or defect. This general rule is applicable regardless of the kind or class of the way which is being used. What is ordinary care depends upon the circumstances of each particular case." 25 American Jurisprudence (verbo Highways) Section 449.
If it be assumed that there was negligence on the part of defendant for permitting the manhole cover to so protrude, with reference to which issue an expression of opinion is unnecessary and is not given, we think, as did the trial judge, that plaintiff was not employing reasonable care and prudence for his own safety; and that his negligence in this respect contributed to and was an efficient cause of his precipitation from the machine and bars recovery herein.
Several citizens of Jonesboro who live in close proximity to the manhole testified that they drove their automobiles on and over it numerous times each day and that no undue jolting or inconvenience was ever experienced from the contacts had therewith. The claimed defect or obstruction, said they, was not of such magnitude as to justify the registering of complaint with the municipal authorities, and none was ever filed.
The striking of the cover by the truck's right rear wheel was not even felt by those occupying the cab; and plaintiff alone, from the group of four seated on the flooring, suffered dislodgment. These facts, together with those mentioned above, indicate that the resulting jolt was not severe, and that had plaintiff been only reasonably diligent he likewise would not have fallen.
The unfinished condition of the street traveled by the truck, of which plaintiff had knowledge, and his being seated on the unenclosed and narrow floor of the rough riding log truck were factors that demanded the bracing and supporting of himself in some suitable manner, just as a reasonably prudent man would have done under similar circumstances. This he did not do.
Therefore, for the reasons assigned, the judgment is affirmed. *Page 519