DORE, Judge.
At about 3:00 a. m., on July 27, 1945, a truck was driven by E. W. Champagne along the Bayou Dularge Highway in the Parish of Terrebonne. Champagne was accompanied in the truck by several persons, including Adam DeHart. He was transporting these people to the Dulac Packing Company where some were employees and the said Adam DeHart was going to collect for seafood heretofore sold by him. As they proceeded, they came in contact with a ridge in the highway caused by the fact that the State Highway Department had placed a culvert across the highway, and when this ridge across the highway was met by the truck, it caused the truck to bounce, and caused the occupants thereof to be jostled and bumped, and Adam DeHart, in that incident, struck a cross beam overhead on the back of the truck with his head. It is alleged that immediately after this incident the truck driv *367 er, Champagne, brought his car to a stop and inquired as to whether anyone was hurt, to which inquiry the said Adam DeHart answered that he had hurt his head very badly. It seems that they then proceeded to their destination, the Dulac Packing Company Plant, located on Bayou Dularge, and that thereafter, DeHart received his payment and went on home by some other means of transportation. Thereafter, he complained of headaches, and finally, suffered a partial paralysis, and on August 18, 1945, he was examined by Dr. W. A. Ellender, at the Ellender Memorial Hospital in Houma, Louisiana, who diagnosed his case as “External dual hemorrhage following blow on head, trans-cerebritis.” On or about August 21, 1945, Dr. Ellender performed a craniotomy decompression, and on or about September 5, 1945, he was permitted to go home without improved condition. On September 17, 1945, he was brought back to the hospital, and on or about September 21, 1945, Dr. Ellender performed another operation described as Trephine of the right parietal area of his head. On October 4, 1945, the said Adam DeHart continued to get worse, but was permitted to go home for the obvious reason that nothing further could be done for1 him medically. -He died on November 30, 1945, allegedly as a result of the injury sustained in the accident described herein.
Mrs. Ida Grey DeHart, his widow, and acting as the natural qualified tutrix of the minor children, and joined by one child, Edmond John DeHart, who was a minor at the time of death, but of the age of majority at the time of the filing of the suit, alleged that the accident was caused through the negligence of the State Department of Highways in that its employees were negligent in the following respects :
“(1) By constructing in the aforede-scribed highway a mound, bump and obstruction twelve to eighteen (12" to 18") inches in height running completely across said highway.
“(2) By failing to erect any signs, place any markers, lights or other warning devices of any nature whatsoever at or near said works' on said highway to indicate to traffic the existence of the aforedescribed mound, bump or obstruction.
“(3) That defendants were generally negligent.”
The petition further shows that the Legislative permission as per Act 317 of 1948, authorized the petitioners to file suit against the State of Louisiana through the Department of Highways of the State of Louisiana.
Petitioners claim damages for loss of support, companionship, love and affection and for pain and suffering- of the deceased, and mental anguish and grief to petitioners, in the total sum of $45,540.00 for Mrs. Ida Grey DeHart individually, and $221,-500.00 (in varying amounts) for the nine children.
An Exception of Lack of Capacity to Stand in Judgment, an Exception of Vagueness and an Exception of Immateriality were filed by the defendant, State Highway Department. With reference to the Exception of Vagueness, the petitioners filed a supplemental petition, setting forth that the’ridge or mound over which the truck ran and on which the accident occurred was'of a width of approximately 4 feet. In the original petition, the height of this mound or ridge was given as 12" to 18" high, but no width thereof was stated.
The defendant then file,d an . exception of no cause or right of action, which apparently was referred to the -merits, and filed an answer denying the material allegations of . the petition, and in effect, making the defense that the culvert in question was placed across the highway in the usual manner, and that there was no negligence on the part of the employees of the State Highway Department,
After trial of the case, the District Judge came to the conclusion, for written reasons assigned, that the accident was caused by the defect in the'highway resulting from the installation of a culvert by the State Highway Department and their failure to have any traffic warnings thereof. The Court also found that as a result of the accident, Adam DeHart suffered an injury *368 to his head which eventually resulted in his death. He rendered judgments in the amount of $11,480.00 for Mrs. DeHart and in the amount of $750.00 each to Edmond John DeHart, Eugia Hillery DeHart and Charles Vanderville DeHart, and the sum of $2190.00. to Thomas Camille DeHart, $2550.00 to ' Floyd Matthew DeHart, $2910.00 to Easton Enos DeHart, $3630.00 to Gardner Lee DeHart, $3990.00 to Wilfred Rufus DeHart, and $5430.00 to Willard Anthony DeHart, the children of the deceased who were minors at the time of his death. The defendant has appealed, asking that the judgment be reversed, or, in the alternative, that it be amended so as to reduce the quantum. The plaintiffs have answered the appeal, asking that the judgment be amended by increasing the quantum and as thus amended, be affirmed. In their answer, plaintiffs pray for an award of $15,000.00 to Mrs. DeHart individually, and $6000.00 for each of the nine children who were minors at the time of the death of Adam DeHart.
In so Ear as .the accident itself is concerned, the evidence seems to be clear cut as found by the trial judge that it was caused by the insertion of a culvert across the Bayou Dularge Highway and leaving the highway in such condition as to create a real hazard. The highway was of shell construction, and in inserting this culvert, a trench approximately 30" deep had to be made, and was made, and in this trench was inserted a culvert 18" in diameter, and thereafter, it was covered with dirt and shell at sufficient height to permit the level-ling thereof upon traffic going over it for some time. There is a conflict:in the testimony as to the height of the mound inserted over this culvert. The witnesses for the petitioner claim that it had a height ranging from 12" to 18" at the time of the accident. The engineers and other highway employees claim that at the time of construction or laying of the culvert, the ridge had a height of approximately 4", and that thereafter, due to traffic, the size of this ridge, which was about 40" wide, reached a height of possibly 7" with a trench in the center approximately 7" in depth.
In any event, it seems clear from the evidence that this ridge, unless seen in time, was bound to cause a car or a truck going over it to bounce, as happened in the case at bar. As pointed out by the trial judge; a neutral witness testified that he drove his Chrysler automobile on this highway after the installation of the culvert, and that he had an experience similar to the truck, although he suffered no injury to himself or damage to his car. As to whether or not the mound was 4" high, 7" high or 18" high, seems immaterial as it was such a hazard as could not be perceived by a motorist using due care unless warned thereof. There is no question that the Highway Department failed to put any lanterns or warning signs indicating to motorists that this culvert had been installed or that there was any danger involved in driving over it. Like the trial court, we are of the opinion that with the absence of such warning signs, the culvert could not be perceived in time to avoid such an accident as was sustained in this case. It was built of the same material as the highway and just prior to arriving at the mound (approximately 150' therefrom), there was a curve in the highway which also made it impossible for a motorist to perceive the mound soon enough to stop before reaching it. Champagne, the driver oí the truck, testified that he was driving at a reasonable rate of speed of 25 miles per hour, and that he did not see the mound until within 40' thereof, and too late to stop before going over it. The trial judge believed his testimony, and we see no manifest error in the conclusion of the trial judge that the testimony was truthful.
In so far as the result of the accident is concerned, it is clearly shown that the back of the truck wherein Adam De-Hart was riding was constructed of cross beams,- with a canvas thereon, and that when this bump on the highway was struck by the truck, Adam DeHart and the other occupants in the rear were jostled and bumped, and that Adam DeHart struck his head on a cross beam. It seems clear that his trouble thereafter was the result *369 of this blow and that his death eventually-resulted from the accident.
It is the contention of the defendant that the culvert was installed in the customary manner according to their practices on highways of this type, and that, therefore, under the law, the Highway Department fulfilled its duty and cannot be held accountable for the accident. We agree with the trial judge that regardless of the fact that the employees of the State Highway Department may have followed the same procedure before in installing culverts, with no mishap to anyone, still, they were guilty of negligence in so installing the culvert without giving any warning signals or signs of any kind to motorists, especially a motorist traveling on a dark night, as in this case. The mound was not of such a size as to be perceived in time to avoid an accident, and was more in the nature of a trap, such as a ditch or tunnel across a highway. We can see no negligence on the part of Champagne, and since he was not negligent, and the accident' did occur, there is no other place to put the blame but on the employees of the State Highway Department.
It is our conclusion that liability on the part of the defendant has been proved.
On the question of quantum, however, we are of the opinion that the awards are excessive as to the minors and not sufficient as to the widow, considering the jurisprudence of this State. The decedent had an income of approximately $250.00 a month, with a life expectancy of 17.40 years, being 55 years of age. He left a widow and nine minor children, three of the nine being self-supporting at the time of trial. An award of the sum of $500.00 to each of the minor children would cover their loss of companionship, love and affection and the pain and suffering sustained by the deceased. In so far as the other six minor children’s loss of support from their father, the' widow now bears the burden thereof, and an award of $6000.00 to be paid to the widow for their benefit is sufficient, and as to the widow, her award will be increased to the sum of $14,000.00, making a total of $20,000.00, of which $6000.00 will be for the use and benefit of the minor children. By revising the quantum, we then have a total judgment of $24,500.00, which we feel is ample under the jurisprudence.
For the reasons set, forth herein, the judgment of the District Court is amended so as to grant judgment against the State of Louisiana through the State Highway Department, in the sum of $20,000.00 to the widow, Mrs. Ida Grey DeHart, of which $14,000.00 is for herself individually, and $6000.00 for the benefit of the six minor children who are under her care and support, and having so been,since the death of their father, to-wit, Thomas Camille DeHart, Floyd Matthews DeHart, Easton Enos DeHart, Gardner Lee De-Hart, Wilfred Rufus DeHart and Willard Anthony DeHart, and awarding to the aforesaid named six minor children and to Edmond John DeHart, Eugia Hillery DeHart and Charles Vanderville DeHart, being the nine children of the plaintiff herein, an additional sum of $500.00 each to cover their loss of companionship, love and affection and the pain and suffering-sustained by the deceased, making a total award of $24,500.00, and as thus amended, the judgment is affirmed.