68 So.2d 263 (1953)
DAVIS
v.
DEPARTMENT OF HIGHWAYS.
No. 8019.
Court of Appeal of Louisiana, Second Circuit.
November 3, 1953.
Rehearing Denied December 2, 1953.
Writ of Certiorari Denied January 11, 1954.
*264 Lemuel C. Parker, W. Crosby Pegues, D. Ross Banister and Joseph A. Loret, Baton Rouge, for appellant.
Hussey & Smith and Charles O. Hardey, Shreveport, for appellee.
GLADNEY, Judge.
The Department of Highways of the State of Louisiana appeals from a judgment awarding James Hollis Davis $25,488.95 for personal injuries. In answer to the appeal appellee, Davis, asks that the award be increased.
On the evening of October 7, 1951, at or about 7:00 p. m. Davis was driving alone in a 1950 Ford pick-up truck borrowed from his employer, Allied Well Service. He entered State Route 202 from the Trees City Road and drove eastward at a speed of 30 to 35 miles per hour along said route a distance of approximately half a mile when the truck struck a ridge of windrowed dirt and gravel in the center of the highway and overturned on its left side. His left arm was pinned underneath the vehicle and so badly injured that amputation was required.
For a cause of action appellee alleged his injuries were caused by the negligence of appellant's employees in failing to barricade or place flares or any other type of warnings to notify him of the existence of such a dangerous condition. He asserted he was free from negligence as he was unable to see the ridge of dirt within sufficient time to avert striking it. Appellant's defense is predicated, first, on the sufficiency of the notices and warnings that were given to motorists using the highway while it was undergoing construction, and, second, on the contributory negligence of appellee in failing to keep a proper lookout and by placing his arm in a perilous position, which position, it is alleged was directedly responsible for the injury.
State Route 202 leaves the Shreveport-Vivian Highway and runs west to the Texas line, a distance of about five miles. This highway had been under construction since July 20, 1951. At each end of the project the usual highway signs measuring 6 feet by 4 feet were in place and displayed the following wording: "Road Under *265 Construction for the next five miles. Work done by the Department of Highways, 0-4." The eastern four miles of the highway had been completed, but traffic was freely permitted on the western end thereof although it was still under construction. On the evening of the accident appellant's employees finished windrowing dirt and gravel. This constituted a ridge which stretched along the center of the highway for about a mile. The ridge was from 2 to 3 feet in height and was about 8 feet wide. A lane for traffic was left on either side. It is admitted by appellant that other than warning signs at each end of the project above described, there were no signs, flares or other indications to motorists of unsafe conditions.
Davis testified as he neared the scene of the accident he was traveling upgrade and making a left-hand curve and as he approached the top of the grade the headlights of the truck were thrown to the right of the road and upward so that until he reached the top of the grade the lights did not reflect the ridge of dirt and gravel, then only some 20 feet distant, at which time it was too late to avoid striking same.
The judge a quo accompanied his judgment with written reasons which indicate careful and serious attention was given to all issues in the case. Guided by rulings in Rosier v. State, La.App.1951, 50 So.2d 31 and Goodwin v. Department of Highways, La.App.1951, 53 So.2d 161, he found appellant grossly negligent in leaving the ridge of dirt in the road without warning signals properly placed, and he absolved appellee of being guilty of contributory negligence.
The highway authorities in the exercise of reasonable care toward motorists are required to post notices and signs warning them of dangerous conditions. The rule is so stated in Corpus Juris Secundum:
"While the exercise of reasonable care by highway authorities toward motorists may require a placing of signs warning of dangerous conditions, as where there are obstructions or excavations in the way, or the highway terminates abruptly, or a bridge has been destroyed, warning signs need not be maintained at places which do not present an extraordinary condition or unusual hazard, as, for example, at curves of an ordinary character in the highway. Warnings or notices need not be given where the physical facts give sufficient warning of the danger. Where a barrier gives ample and timely warning of the dangerous condition of the road, there is no duty devolving on those in charge of the highway to post notices of the condition of the road some distance therefrom. In determining what is reasonable warning, the place at which the danger exists, the nature of the road, and the general situation and circumstances surrounding it are to be taken into consideration, as are also the kind of travel and the speed at which vehicles will probably travel on the road." 60 C.J.S. Motor Vehicles, § 192, pages 530, 531.
To the same effect see Rosier v. State, La.App.1951, 50 So.2d 31.
The warning by means only of a sign at each side of the project on State Route 202 informing motorists the road was under construction, in our opinion, failed reasonably to indicate the dangerous condition which caused the accident. It is, of course, recognized that ordinary care does not include guarding against rare and unforeseen accidents, but the tragedy which befell appellee was not of such a nature. The ridge of dirt left in the center of the highway, by reason of the curve and upgrade of the surface of the road, was not exposed by the lights of the truck until too late for appellee to change his direction. The curve and the upgrade were visible physical signs pointing to the likelihood that the obstruction would be concealed from the lights of vehicles traveling eastward until the crest of the hill would be reached. As the west end of the ridge was but twenty feet from the crest of the hill the dangerous condition should have been anticipated and proper signals placed at that point for motorists traveling after dark.
*266 In Rosier v. State, supra, plaintiff's husband and their minor children were drowned when their automobile was swept into Castor Creek by swift running flood waters at the end of the bridge. The Department of Highways urged that the employees were not negligent because of the presence of several signs bearing the legend "Road Closed" and "Road Under Water" placed along the route the automobile traveled in reaching the place of the accident, but it was discovered that the sign placed near the bridge was face down on the shoulder adjacent to the ditch. Consequently, the court found the driver of the automobile did not have an opportunity to see the sign and awarded damages, holding the warnings must be of a size and nature commensurate with the danger ahead.
In DeHart v. State, La.App.1950, 46 So. 2d 366, plaintiff was permitted to recover for the death of her husband when a truck in which he was riding struck a ridge in the highway due to the installation of a culvert. The court held the Department of Highways employees guilty of negligence in so installing the culvert without giving any warning signals or signs of any kind to motorists, especially to motorists traveling on a dark night. The mound, it said, was not of such a size as to be perceived in time to avoid an accident, and was more in the nature of a trap, such as a ditch across the highway.
Some of the facts in the instant case are similar to those in Goodwin v. Department of Highways, La.App.1951, 53 So.2d 161. In that case where a highway approached a washed-out bridge, there was a curve to the left and slight upgrade. The only visible indication of the danger was a fence erected from some used bridge timbers about twenty feet from the end of the concrete slab. Defendant had placed a warning sign at a point some distance away, but the sign had fallen or been knocked down. The Department was held negligent when a motorist traveling at night crashed through the fence and was drowned.
The foregoing authorities indeed support the finding of our brother below who held appellant negligent for not placing a sign or warning of the obstruction which caused appellee's accident.
Counsel for appellant argue that even though its employees may have been negligent as above found, that recovery is barred by reason of the contributory negligence of Davis, which was specially pleaded. First, it is said appellee was not keeping a proper lookout and was driving at an excessive speed under the circumstances. These charges are refuted by Davis, however. The evidence shows that Davis knew, prior to the happening of the accident, that the highway was under construction and on the same evening he had traveled another part of the same highway and noticed that part had been newly asphalted. Also, as he approached the scene of the accident he noticed that asphalt and gravel had been removed from the part of the road he was then using. Such knowledge, however, was not of a character as could reasonably be expected to forewarn a motorist of a dangerous highway obstruction not foreseeable in the range of his headlights within time to avoid disastrous consequences. Such a condition required specific warninga warning of a size and nature commensurate with the danger ahead. A plea of contributory negligence based upon similar grounds was rejected in Kirk v. United Gas Public Service Co., 1936, 185 La. 580, 170 So. 1; German v. City of New Orleans, La.App.1941, 3 So.2d 181, and Goodwin v. Department of Highways, La. App.1951, 53 So.2d 161.
Appellant strongly relies on Fallin v. Town of Jonesboro, La.App.1941, 2 So.2d 516, as supporting its plea of contributory negligence. The facts there are dissimilar to those in the instant case. Fallin was riding on the flat bed of a truck over a road he knew to be under construction. He sat next to the left rear dual wheels with his feet dangling. Nothing was available to which he could hold or grasp. His fall occurred as the right rear dual wheel passed over the top of a protruding manhole cover. The court said, 2 So.2d at page 518:

*267 "The unfinished condition of the street traveled by the truck, of which plaintiff had knowledge, and his being seated on the unenclosed and narrow floor of the rough riding log truck were factors that demanded the bracing and supporting of himself in some suitable manner, just as a reasonably prudent man would have done under similar circumstances. This he did not do."
The foregoing pronouncement shows that Fallin's knowledge of the condition of the street was not the efficient cause but only one circumstance which required added caution on his part to put himself in a position of safety.
It is also urged that one who places himself in a perilous condition in or on a vehicle on which he is riding, is guilty of negligence. Specifically, it is charged Davis prior to and at the time of the accident had his arm protruding through the opening in the door and outside of the truck he was driving. Appellant contends if Davis had not placed his arm in this position it would not have been injured. Cited in support of this doctrine are the following cases: McCoy v. Louisiana N. W. R. Co., 1915, 136 La. 987, 990, 994, 68 So. 100; Babin v. New Orleans Ry. & Light Co., 1916, 139 La. 822, 823, 824, 72 So. 288; Hogg v. Kansas City S. & G. Ry. Co., 1916, 139 La. 972, 974, 976, 72 So. 705.
The first named case held plaintiff guilty of contributory negligence because of his presence on a platform of a railway coach when the train collided with another. The facts are inapposite. In Babin v. New Orleans Ry. & Light Co., Babin was held negligent when he ignored warnings and extended his elbow beyond the side line of the street car and it was injured. In Hogg v. Kansas City S. & G. Ry. Co., plaintiff was held negligent when injured while riding on the steps of a train coach. These cases rest on special circumstances which are unlike the mere use of the window of the truck he was driving as an arm rest. The protrusion of an automobile driver's arm out of the window at his side, in the absence of unusual circumstances, is not indicative of carelessness. In Hadrick v. Burbank Cooperage Co., Inc., La.App.1938, 177 So. 831, 833, it was said:
"There can be no doubt, however, that it is not negligence for a passenger to permit a portion of an arm or a hand to extend only a few inches beyond the side of the vehicle in which the passenger is riding. See Summers v. Crescent City Railroad Co., 34 La.Ann. 139, 44 Am.Rep. 419; Clerc v. Morgan's L. & T. R. & S. S. Co., 107 La. 370, 31 So. 886, 90 Am.St.Rep. 319."
This holding was approved recently in Sambola v. Public Belt R. R. Commission of City of New Orleans, La.App.1952, 56 So.2d 267.
Appellant surmised from the injury to Davis' arm that he was driving with the arm on the outside of the vehicle. This does not strike us as being a logical inference. The trial judge had this to say:
"The plaintiff had already lost his right hand, and our opinion is that he was driving with his left hand, and when the truck turned over on its left side, plaintiff's left hand was extended to brace himself, causing it to be caught under the top of the truck."
The foregoing conclusion is the more plausible of the two.
We, therefore, are of the opinion the employees of appellant were guilty of actionable negligence in failing to warn appellee and other motorists traveling at night of the hazardous existence of a windrowed ridge of dirt and gravel piled in the center of the highway at the end of a curve in the highway extending to the left upgrade.
The plea of contributory negligence is insufficient to bar recovery by appellee, the sole proximate cause of the accident being the failure of appellant's employee to set out proper flares or warning signals.
There remains for our examination the question of quantum as raised both by appellee and appellant. Appellee in answering the appeal requests that the award of *268 damages be increased to the full amount of the claim, $58,488.95, specifically asking that the amount granted in his judgment for loss of earning capacity, $22,500 be increased to $48,000, and that the award for past and future pain and suffering of $2,500 be increased to $10,000.
Davis at the time of the accident was forty-five years of age and employed by Allied Well Service, with wages approximating $200 per month. His duties required hard manual labor as a roustabout and derrick man in oil field work. He had very little education and at the time of trial was not married. In a hunting accident which occurred about twenty-three years ago he lost the thumb, index finger and middle finger of his right hand. As a result of the two accidents appellee is, of course, totally and permanently disabled. Because of his lack of education it is extremely doubtful that he will ever be gainfully employed. Certainly, also he will suffer a great deal of inconvenience because of the fact that he has but two fingers left.
After carefully considering the severe handicaps which plaintiff must face for the remainder of his life, and after reviewing the awards in cases involving similar injuries, we are of the opinion that the award made by the trial court is neither excessive nor inadequate.
The judgment from which appealed is hereby affirmed. Defendant to pay stenographer's cost, as required by Act 135 of 1936, LSA-R.S. 13:4521.