CLADE v. CHECKER CAB CO.

(November 18, 1929. Opinion and Decree.)

Fred C. Marx, of New Orleans, attorney for plaintiff, appellee.

P. L. Fourchy, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit to recover the sum of $300, the alleged value of a mule, which plaintiff claims was killed through the negligence of the defendant's employee. The defendant filed an exception of no cause of action based on the ground that the petition did not allege that the employee was acting within the scope of his employment.

The district judge maintained the exception with leave to amend. Defendant then answered, reserving the benefit of the exception, denying liability.

There was judgment in favor of plaintiff for the full amount claimed and defendant has appealed.

Counsel for the defendant has renewed the exception of no cause of action before this court. In disposing of the exception and upholding the judgment of the district court, we think it sufficient to cite the case of Francis vs. Barbazon, 10 La. App. 55, in which this Court said:

"Counsel has renewed his exception of no cause of action in this court and has argued ably in support thereof. His contention is that the petition alleges malicious and willful injuries by Defendant's driver, without making the essential averment that these injuries were done within the scope of the driver's employment.

"This conclusion seems to us untenable, when the petition is taken as a whole, but, even if the exception were maintained, plaintiff would be entitled to amend, for the whole trend of modern procedure is to do away with technicalities, and to permit additional averments by supplemental petition, where the failure to state a cause of action is due to insufficiency of allegation. See Blake v. Jefferson-St. Charles Tr. Co., 8 La. App. 310."

On the merits of the case, the record shows that on January 27, 1925, at 5:30 o'clock p. m., a collision took place between defendant's Ford car and plaintiff's mule on the downtown river side of the intersection of Villere and St. Louis Streets in the city of New Orleans. Plaintiff was the owner of a team of mules and a dump wagon which was being driven by a negro man at the time of the accident. This team was proceeding on the right-hand side of Villere Street in the direction of Esplanade Avenue. The Ford car of defendant was proceeding on the right-hand side of St. Louis Street in the direction of the lake and was in charge of its superintendent. At the same time there was another car moving on the right-hand side of St. Louis Street in the direction of the river.

Plaintiff contends that the mules had actually crossed St. Louis Street and were on Villere Street at the time the one on the right-hand side was struck, and, therefore, the team having entered the intersection and almost crossed it, had the right of way to proceed and defendant's driver was guilty of negligence in not slackening his speed or stopping in order to permit the team to pass. Plaintiff further contends that defendant's driver was running at such an excessive rate of speed that he was unable to stop the car and was, therefore, guilty of negligence in approaching an intersecting street when his car was not in proper control.

Defendant contends that its automobile had reached the intersection of the streets and as it was approaching from the right under the ordinance of the city of New Orleans, it had a right to proceed and that the team should have stopped. That the driver of the team was guilty of negligence in permitting the mules to gallop across the intersection without having the reins in his hands.

We have carefully read the record and are convinced that the contention of plaintiff is sound and find as a matter of fact

that the mules had actually passed from St. Louis Street into Villere Street at the time that the defendant's automobile ran into the mule on the right-hand side and broke his leg necessitating the destruction of the animal.

We are also satisfied that defendant's car was traveling at such a rate of speed that the driver was unable to stop or sufficiently slacken its speed in order to avoid striking the mules. He was, therefore, guilty of negligence in approaching the intersecting street at such a rate of speed that he was unable to stop or slacken the speed of his car so as to avoid striking anything that might have previously entered the intersection of the streets.

The evidence also shows that the automobile, traveling on St. Louis Street, in the direction of the river, was passing to the rear of the wagon at the time that defendant's car approached and that, therefore, defendant's car was prevented from going to the rear of the wagon in order to avoid striking it. This forced defendant's driver to sharply turn into Villere Street, in the direction of Esplanade Avenue, where his car struck the mule.

There was nothing to intercept the view of the driver of defendant's car, and he should have seen the mules in sufficient time to have applied his brakes so as to slacken the speed of his car or stop, in order to permit the team of mules and the wagon of plaintiff to proceed in safety.

The evidence shows that the value of the mule was $300. The district judge rendered judgment in favor of plaintiff for the full amount and we see no reason to disturb the judgment.

For the reasons assigned the judgment appealed from is affirmed.