ROGERS, Justice.
 

 This suit is for the recovery of damages done to plaintiff’s automobile while it was being driven by his stepson with his consent on the night of December 26, 1933. The car was damaged as the result of a collision with the body of a dead yearling which had been killed previously and left on the highway the same night by an employee of the defendant while driving an automobile owned by defendant and engaged in defendant’s business.
 

 The Court of Appeal, following the district court, found that defendant’s employee killed the yearling and negligently left its body on the highway. . But the Court of Appeal- refused to follow the district court in holding that plaintiff’s stepson was not. guilty of contributory negligence and allowing recovery. The Court of Appeal held to the contrary, and, accordingly, rejected plaintiff’s demand. On plaintiff’s application, the case is now before us on a writ of review.
 

 The negligence of defendant’s employee being established, the only question presented for our consideration is whether, as held by the Court of Appeal, differing from the holding of the district court, the driver of plaintiff’s car was guilty of contributory negligence, thereby precluding any recovery by plaintiff for the damages done to his car.
 

 The record shows that there were light and dark splotches caused by oil and repairs to the pavement at the place where the yearling was killed and left on the highway. The animal was small and of a very dark. color; and, according to plaintiff’s witnesses, almost impossible to see, because of its small size and dark color and because of the condition and color of the pavement and other existing physical conditions. The driver and the other occupants of plaintiff’s car testified that although the road was being closely observed, the body of the dead yearling was not seen until a moment before it was struck, when it was too late to avoid the collision.
 

 The explanation offered by plaintiff’s driver was not deemed sufficient by the Court of Appeal to relieve him from fault. The court, in its opinion, expressed its difficulty to understand how even the conditions described could have prevented the headlights of plaintiff’s automobile from throwing their beams on the dead animal, whose body not only extended across a good part of the right lane of traffic on the pavement ■ on which plaintiff’s stepson was driving, but also rose several inches above the surface of the pavement. And the Court of Appeal held, in effect, that there being nothing to interfere with his vision, the driver of plaintiff’s automobile was negligent, barring plaintiff’s recovery,
 
 *583
 
 in failing to see the dead animal within the distance illuminated by his headlights and in time to bring his automobile under control.
 

 The only case cited by the Court of Appeal in support of its ruling is the case of Goodwin v. Theriot, 165 So. 342, which is one of its own decision. But, with due respect for the opinion of the Court of Appeal, the facts of that case, as we appreciate them, are not comparable to the facts of this case. The ruling in the cited case was that as a matter of law a driver of an automobile at night who ran into the rear end of an unlighted truck parked on the highway was guilty of contributory negligente. The court, after referring to sec tion 9(g) (1) of Act No. 21 of 1932, which requires that every vehicle operated on the public highways of .this state after dark shall be equipped with burning headlights of sufficient strength to render clearly discernable any person on the highway for a distance of two hundred feet ahead, stated that from that statutory provision and provisions of a similar import from statutes in other states, the rule has been formulated in the jurisprudence to the effect that the driver of an automobile on the public highways at night must keep his car under such control as to be able to bring it to a complete stop within the distance which his headlights project in front of him. But that rule, as pointed out in the court’s opinion, is not inflexible, and its application depends on the facts and circumstances arising in each case. For example, the rule was relaxed and the driver of the automobile exonerated from negligence in Futch v. Addison, 12 La. App. 535, 126 So. 590; Stafford v. Nelson Bros., 15 La.App. 51, 130 So. 234; Hanno v. Motor Freight Lines, Inc., 17 La.App. 62, 134 So. 317, all cases decided by the Court of Appeal for the First Circuit.
 

 In reaching its conclusion in the case of Goodwin v. Theriot that the driver of the automobile was guilty of contributory negligence, the Court of Appeal, after referring to the above-mentioned provision of Act No. 21 of 1932, declared that the conditions were not unusual and that no satisfactory explanation had been offered by the automobile driver for his failure to see the truck, several times the size of an ordinary person, on the highway until he was within fifty feet of it.
 

 The following additional cases decided by the Courts of Appeal of this state are cited in the defendant’s brief in support of the opinion and judgment of the Court of Appeal in this case, viz.: Sexton v. Stiles, 15 La.App. 148, 130 So. 821, 823; Quatray v. Wicker, 16 La.App. 515, 134 So. 313; Safety Tire Service v. Murov, 19 La.App. 663, 140 So. 879;. Wyble v. Putfork, 141 So. 776; Hutchinson v. James & Co., 160 So. 447; Blahut v. McCahil, 163 So. 195.
 

 The mere reading of the cases of Qua-tray v. Wicker and Wyble v. Putfork discloses that they are not in point. Nor are the other cited cases applicable to this case. In all those cases the object run into was a large truck, several times the size of an ordinary person, which was left on the highway at night, unattended and without lights. All the cases were decided
 
 *585
 
 on the theory that the driver of an automobile on a highway is chargeable with the observance of reasonable care to avoid running into other vehicles and objects which he may reasonably expect to encounter on the road. And in several of the cases, the court was careful to point out that a truck is an object so large and conspicuous that it should be seen within the illumination of headlights, and that a person driving an automobile at night is charged with the duty of seeing such a vehicle and doing whatever is necessary to avoid striking it.
 

 In the Cyclopedia of Automobile Law and Practice, by Blashfield (Permanent Edition), vol. 5, p. 455, § 3320, we find the general rule governing the use by motorists of the public streets and highways stated as follows, viz.: “In the absence of notice to the contrary, there are certain assumptions which may be indulged by a motorist as to the condition of public streets and highways, whether he be traveling by day or by night. Among, these are: (a) That the way is reasonably safe for travel and free from defects and unlawful obstructions.” The rule stated prevails in this state. Thus: “The rule is well established in the jurisprudence of this state that a person using a public highway * * * has a right to presume and act upon the presumption, that the way is safe for ordinary travel, even at night.” Jacobs v. Jacobs, 141 La. 272, 74 So. 992, 997, L.R.A.1917F, 253.
 

 The rule that a motorist traveling on the public highways after dark or during, a rainstorm, fog, or other abnormal condition, which prevents him seeing ahead, except imperfectly, and for a short time and distance, must guard against striking objects in the road with which he may be suddenly confronted, constitutes an exception to the general rule that a motorist may assume that the road is safe for travel even at night. But that exception to the general rule is itself subject to the exception that a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway. As stated by Blashfield, in the last paragraph on page 457 of volume 5: “An automobile driver is not required to anticipate an unusual obstruction on the public highway.” A' case illustrative of this rule is Moncrief v. Ober, 3 La.App. 660, decied by the Court of Appeal, Second Circuit. In that case it was held that a small cable illegally stretched above the surface of a public road is such an unusual obstruction that the failure of a motorist to observe it did not indicate negligence on his part.
 

 The court, in the course of its opinion, stated the rule of law correctly as follows, viz.: “As to the failure of Mrs. Moncrief to have seen the cable, the drivers of automobiles on the highways are charged with the observance of ordinary care as to objects which may be lawfully upon the way, and will be held to have seen such objects (with the resulting consequence) where the evidence shows their failure to have noted the situation is attributable to lack of ordinary care in observing the way; but as to obstructions
 
 *587
 
 unlawfully upon the roadway, their failure to have noted the situation will not be attributed to want of ordinary care in observing the way, unless the evidence shows the obstruction to have been such that the failure to have noted the situation shows the driver to have been carelessly or recklessly driving upon the highway.”
 

 Another case somewhat in point is Deichmann v. Gerard, 145 So. 30, decided by the Court of Appeal, Parish of Orleans. In that case it was held that the driver of an automobile, confronted with an emergency when his headlights revealed a large sign in the highway too late to permit his stopping the automobile, was not negligent in swerving to a converging road and striking a post standing in the angle made by the converging roadways.
 

 We do not think the rule stated can be extended so as to authorize an automobile driver to assume that the highway is not negligently obstructed, in the face of a formidable physical obstruction. Blashfield (Permanent Edition) Vol. 5., p. 457. But in this case the obstruction was not only not such an obstruction as an automobile driver would ordinarily anticipate to encounter in the road, but also was not such a formidable physical object such as he could or should have observed.
 

 The evidence shows, as we have hereinabove stated, that there were splotches on the paved portion of the highway in the vicinity of and at the spot where the body of the dead yearling was negligently left by the driver of defendant’s automobile. The animal was dark in color and small in size. Those facts, taken together with the surrounding physical conditions, made it difficult, almost impossible, for the driver of plaintiff’s automobile to see the dead animal until it was too late to stop the car and avoid striking the body, which was not one of the usual obstructions a motorist is required to anticipate and avoid. In these circumstances, we think it would be unreasonable to hold that the driver of plaintiff’s automobile was negligent in failing to seé the body of the dead yearling sooner than he did.
 

 For the reasons assigned, the judgment of the Court of Appeal is annulled, and the judgment of the district court is reinstated and made the final judgment of this court; costs of appeal and of this proceeding to be borne by defendant.
 

 FOURNET, J., concurs in decree.