At about 12:30 o'clock on the night of January 23rd, 1940, Artist V. German drove his automobile into the Washington Avenue drainage canal and it sustained considerable damage. He claims that the cost of removing the automobile from the canal and of towing it to a repair shop was $25; that the cost of making the necessary repairs was estimated to be $138.84, and that the cost of replacing the damaged tire was $17.10. He brings this suit against the City of New Orleans seeking judgment for the sum of the items mentioned, to-wit: $180.94, and alleging that the accident resulted from negligence on the part of the City in maintaining a roadway immediately adjacent to an open canal and flush with the top of the said canal, and in failing to erect barriers or warning signs along the said canal at the points at which side roads join the said parallel roadway.
The City of New Orleans denies that there was any negligence on its part, and in the alternative contends that if there was any such negligence, the proximate cause of the accident was the contributory negligence of German, himself, in not keeping a proper lookout and in failing "to see what he should have seen" and in his failure "to *Page 182 
otherwise keep his car under proper control."
In the court below there was judgment for plaintiff for $180.94, as prayed for, and the City of New Orleans has appealed. The record shows that on the night in question, German, accompanied by his wife, attended a social function at the gymnasium of Xavier University, the said gymnasium being situated a short distance off Palmetto Street, on a side street. Palmetto Street parallels the Washington Avenue Canal. The surface of the street is almost flush with the upper edge of the canal. The sides and bottom of the canal are constructed of concrete, the first drop from the edge of the canal being about 3 feet to a sloping shelf, at the bottom of which shelf there is a flat surface some 10 or 12 feet wide, and then another drop a few feet further to the bottom of the canal.
The night was very dark, misty, and very cold, with the result that frost and ice particles formed on the windshield of German's automobile. He was not familiar with the locality, though in going to the gymnasium he had driven along Palmetto Street for a short distance. As he left the gymnasium, he drove along the side street that entered Palmetto Street at a right angle, and instead of turning to his left, along Palmetto Street, not noticing that the canal was directly in front of him, he proceeded across said street and the front of his car dropped over the edge of the canal. He immediately applied his brakes with the result that, though he could not stop the car before it had dropped into the canal, it did not enter it at any great speed but merely rolled down the first incline and came to rest on the flat shelf some distance above the bottom of the canal. Neither he nor his wife sustained any physical injuries.
As he drove from the side road into Palmetto Street, there was no street light by which he might see the canal and there was no barrier which would indicate to him that there was any such dangerous canal in his pathway.
The situation was most dangerous and, under the circumstances the City of New Orleans should have erected barriers to prevent anyone, driving along such a side street, from pitching over into the canal directly opposite the end of the street. That a municipality may be held liable for damage which results from defects in highways or from the dangerous construction or design of highways is well settled. In General Securities Company, Inc. v. City of Hammond, 11 La.App. 306, 123 So. 399, 400, the Court of Appeal for the First Circuit said:
"The city has exclusive control over its streets. It is responsible for death traps or pitfalls dug across the same, and the reasonable presumption is that it has knowledge of their existence."
See, also, Clinton v. City of West Monroe, La.App., 187 So. 561; followed in Willis v. City of West Monroe, La.App., 187 So. 829; Madden v. City of West Monroe, La.App., 187 So. 829, and Perritt v. City of West Monroe, La.App., 187 So. 830.
We think, too, that it cannot be said that German was guilty of contributory negligence in not noticing the presence of such a canal. In Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A.1917F, 253, the Supreme Court held free from negligence an automobile operator who drove it into a canal under almost identical circumstances.
Counsel for defendant cites several cases in which it has been held that the driver of an automobile is negligent when he operates it at such speed as to render it impossible that it be stopped within the distance illuminated by its headlights. But this rule is not without exception, and it has never been held that under no circumstances may an automobile owner recover for damage sustained by his car if it appears that the operator could have stopped before striking an obstruction, or before running into a hole in the roadway. All of the surrounding circumstances must be investigated, and from them it can be determined whether the failure of the driver to stop constituted negligence on his part. In this connection we have always recognized the distinction between striking an obstruction extending above the surface of the highway, which obstruction should be illuminated by headlights, and the running into a hole or depression in the road against which the lights did not shine and which might be no more noticeable than a shadow on the surface of the road. See Woodley Collins v. Schusters' Wholesale Produce Co.,170 La. 527, 126 So. 469; Kirk v. United Gas Public Service Co.,185 La. 580, 170 So. 1, and Gaiennie v. Cooperative Produce Co.,196 La. 417, 199 So. 377, 379.
In the Gaiennie case the Supreme Court said:
"While the general rule makes it the duty of the driver of an automobile to maintain *Page 183 
a speed sufficiently slow and to have such control of his car that he can stop within the distance in which he can plainly see an obstruction or danger ahead, yet it has been well recognized that this rule has exceptions and modifications. Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A.1917F, 253.
"In Kirk v. United Gas Public Service Co., 185 La. 580,170 So. 1, this court stated that the general rule is not inflexible, and that its application depends on the facts and circumstances of each case.
* * * * *
"In the case of Kirk v. United Gas Public Service Co., supra, wherein a motorist saw an object ahead of him in the road which he thought was a shadow or repaired patch in the road and did not observe that it was a dead yearling until a moment before it was struck, when it was too late to stop, we arrived at the conclusion that it would be unreasonable to hold the motorist negligent in failing to see the yearling sooner than he did."
It is obvious that the car was being operated at a very moderate speed as otherwise it would have dashed over the edge of the canal down the first side incline and would have ultimately reached the very bottom of the canal instead of coming to rest on the flat shelf or ledge only about half way down.
The record shows that of the amount expended for the repairs of the automobile, German, himself, was required to pay only $75 since he had obtained a policy of collision insurance under which the insurer paid the entire damages in excess of $75. We may interpolate here that we believe that the record is in error on this point and that the amount which German, himself, was required to pay was only $50 as we are told by counsel that the policy contained what is called a $50.00 deductible clause". However, this is of no importance since it is well settled that in the absence of a showing that any part of a claim has been assigned and that the assignee is asserting the right created by the assignment, a plaintiff is entitled to make claim for the whole amount of the damage sustained. See Hanton v. New Orleans Carrollton Ry. Light Power Co., 124 La. 562, 50 So. 544, and Franz v. New Orleans Coffee Co., Ltd., 8 La.App. 445.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.