The district judge has favored us with a written opinion in this case in which he has correctly stated the issues and we quote from his opinion:
"Plaintiff sues to recover damages to his automobile and person alleged to have been sustained in an intersectional collision with an automobile negligently operated by Mrs. Lillie Noble, wife of J.E. Noble, defendant's assured.
"Defendant denies any negligence on the part of Mrs. Noble, and, in the alternative, pleads plaintiff's contributory negligence in bar of recovery. Defendant reconvenes, as subrogee of J.E. Noble, for the amount paid by it for repairs of damages to the Noble car sustained in the collision.
"Plaintiff charges that Mrs. Noble was negligent in (a) operating her car at a rapid and excessive rate of speed; (b) that she failed to keep a proper lookout; and (c) that she did not have the automobile under proper control. Defendant specifies that plaintiff was negligent in that plaintiff drove his automobile into Line Avenue without coming to a full stop and proceeded to cross same without caution, in violation of City Ordinance and that plaintiff did not maintain a proper lookout to see, when he should have seen, Mrs. Noble's automobile nearing the intersection and did not stop his car, when he could have done so, and thus avoid the collision.
"The collision occurred on February 3, 1945, about 8:20 P.M. at the intersection of Line Avenue and Stephenson Street, in Shreveport. Line Avenue is one of the City's most heavily traveled thoroughfares and, by City Ordinance, has right of way over traffic from intersecting streets. It runs North and South. Stephenson Street runs East and West. There is a slight jog, or off-set, in the intersection, that is to say, the South line of Stephenson Street West of Line Avenue is probably 6 or 8 feet South of the South line of Stephenson Street East of Line Avenue. As a consequence of this, one crossing Line Avenue on Stephenson Street from West to East does not cross at right angles, but must turn somewhat to his left in a direction North of East. Both streets are paved between concrete curbs and, on the inside of the angle formed by the junction of the North curb of Stephenson and the East curb of Line, and almost against both curbs, stands a large telephone pole.
"The block of Line Avenue North of Stephenson is a very busy commercial zone in which are located four filling stations, a picture show, drug store, two barber shops, a beauty shop, a hardware and sporting *Page 311 
goods store, a tailor shop and a plumbing shop and store. The East side of Line Avenue in the block South of Stephenson Street is a prohibited zone to parking of cars, but the West side is open to parking.
"On the night in question plaintiff was driving his Chrysler Sedan on Stephenson approaching Line Avenue from the West en route to his home on Stephenson in the second block East of Line Avenue. Mrs. Noble was going North on Line Avenue driving a Chevrolet Sedan. Each was alone. Both were familiar with the locale.
"As plaintiff was in the act of crossing Line Avenue, his car was struck in the approximate center of the right side by the front end of Mrs. Noble's car. We think the evidence establishes that the impact occurred at a point near the center of this irregularly shaped intersection, probably slightly East of the center line of Line Avenue. At this point, plaintiff's car was traveling in a direction North of East. After the impact plaintiff's car continued on, or was pushed, or both, to the Northeast corner of the intersection striking the telephone pole hereinabove referred to about the center of the left side of the car and coming to rest in that position. The exact movements of the Noble car after the impact are not made clear by the testimony, but the inference is that it came to rest against or near the right rear fender of plaintiff's car. Several witnesses observed the Noble car shortly after the collision back across and South of the intersection on the East side of Line Avenue to, where it had obviously been moved."
[1] We agree with the district judge in holding that plaintiff was negligent, but not in his holding that plaintiff's negligence was the proximate cause of the accident and resulting damage. We cannot agree with him in holding Mrs. Noble free of negligence. It is our opinion that the accident and resulting damage was due to the combined negligence of plaintiff and Mrs. Noble, which negligence continued to the moment of the accident. We believe her own testimony convicts her of negligence. She said and repeated it that she never saw the car of plaintiff until the car she was driving struck it. It seems certain that she was not keeping a proper lookout. There was nothing to prevent her from seeing plaintiff's car in the street in front of her if she had been looking.
From all the evidence, it appears that plaintiff stopped his car before entering Line Avenue. Two witnesses, Darrell E. George and John Vinson, said he did not, but it is probable that they saw him entering Line after he had started his car up to cross it. Plaintiff and Miss Matilda Abraham say he stopped and we believe he did, but he certainly should have seen the car that struck his car in plenty of time to have prevented the accident.
[2] Mrs. Noble was driving on Line Avenue, which is a favored street, but she was not justified in assuming that there would be no traffic at this intersection, which she apparently did because she did not see the car until the collision took place. There is no evidence that she was driving at an excessive rate of speed.
[3] In his brief, plaintiff urges that he was first to enter the intersection and for that reason Mrs. Noble could and should have seen him and prevented the accident. On the other hand, conceding that he did enter the intersection first, he had the same opportunity to see her and he says he was driving very slowly, so he could have stopped quicker. He was evidently not keeping a very good lookout himself.
We are not impressed with the contention of plaintiff that this case falls within the views expressed in Webb v. Key, La. App., 144 So. 650, Clade v. Checker Cab Co., 11 La. App. 608, 124 So. 611, and Hamilton v. Lee et al., La. App., 144 So. 249. We agree that the district judge is correct in applying the law as set forth in Arline et al. v. Alexander et al., La. App.,2 So.2d 710.
Defendant cites the case of Jacobs v. Jacobs, 141 La. 272, 284, 74 So. 992, L.R.A. 1917F, 253, which holds that the general rule is that the driver of an automobile must maintain a speed sufficiently slow, and maintain such control of his car that he can stop within the distance in which he can plainly see an object or obstruction ahead of him. That rule is subject to certain modifications. It cannot apply to a case where an object or obstruction which the driver of an automobile has no reason to expect appears suddenly immediately in front of his automobile. Other cases cited are Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1, and Gaiennie v. Cooperative Produce Co., Inc., et al., 196 La. 417,199 So. 377.
But it can hardly be contended that Mrs. Noble had no reason to expect that there would be automobiles crossing this busy *Page 312 
intersection, with which she was entirely familiar.
For the reasons assigned, that part of the judgment rejecting plaintiff's demands is affirmed. That part of the judgment awarding defendant judgment on its reconventional demand is reversed and the reconventional demand is denied. Costs of the lower court to be paid by the plaintiff-appellant. Costs of this appeal to be paid by defendant-appellee.