80 So.2d 182 (1955)
Herbert Richard HOGG, Plaintiff-Appellee,
v.
DEPARTMENT OF HIGHWAYS OF THE STATE of Louisiana, Defendant-Appellant.
No. 8268.
Court of Appeal of Louisiana, Second Circuit.
April 14, 1955.
*183 W. Crosby Pegues, Jr., D. Ross Banister, Philip K. Jones, Francis X. Vinet, Louis S. Quinn, Joseph D. Loret, Baton Rouge, for appellant.
McBride & Goff, Ruston, for appellee.
GLADNEY, Judge.
This appeal is from a judgment rendered in favor of plaintiff for personal injuries and property damages incurred on February 11, 1947, when his motorcycle ran into a hole in the pavement on U. S. Highway No. 167 in Union Parish, Louisiana. The Department of Highways has appealed and Hogg has answered the appeal for the purpose of securing an increase of damages. All exceptions filed on behalf of the defendant were rejected by the judge a quo. They are not urged before this court. Respondent's answer denied the alleged dangerous condition of the pavement and that it had actual or constructive knowledge thereof. Alternatively, the defendant asserted plaintiff was guilty of contributory negligence.
The facts are not seriously controverted. The accident occurred about 10:00 o'clock p. m. At the time, plaintiff was proceeding from El Dorado, Arkansas, to Ruston, Louisiana. It was a dark night with the atmosphere clear although it had been raining at intervals and the road surface *184 was still wet. The hole which caused the mishap was in a slab of concrete paving four inches thick overlaying a wood floor on a bridge constituting part of the highway. It was in the west traffic lane a few feet from the center of the paving. Asphalt had been used to patch broken places in the concrete covering. At the locus of the accident the passage of heavy traffic had cracked and broken a portion of the concrete slab into pieces which from time to time became dislodged and rested upon the road surface.
The principal issues presented on this appeal are factual and relate to: first, whether the condition of the pavement was dangerous, and secondly, if a dangerous condition is shown to have existed, then whether or not defendant had actual or constructive knowledge thereof. Questions as to plaintiff's negligence and the assessment of costs against the state agency are also raised.
The Louisiana Highway Department owes to the traveling public in the construction and maintenance of its highways a duty to maintain an efficient and continuous system of inspection for the maintenance and repair of state highways and bridges so that they will be kept in a reasonably safe condition at all times. The highways and bridges need not be maintained in a perfect condition of repair but officers and employees of the agency are required to use ordinary and reasonable care as to inspection and repair in order to keep them in a reasonably safe condition. The state having waived its sovereign immunity, the law governing the liability of the Department of Highways is the same as that which governs municipalities. This liability is reflected in Miller v. City of New Orleans, La.App.1934, 152 So. 141, wherein it was held that to create such liability there must first exist a condition which is patently dangerous even to a reasonably careful and ordinarily prudent person, and in the second place even where the defect is obviously dangerous, the defendant must have actual or constructive notice thereof sufficiently in advance of the accident to have had opportunity to make the necessary repair. When these essential prerequisites are shown, recovery is allowed if liability otherwise is fixed. To the same effect are: Le Blanc v. Louisiana Highway Commission, La.App. 1941, 5 So.2d 204; Landry v. State, La.App. 1944, 17 So.2d 483, 485; McClung v. Town of Winnfield, La.App.1950, 46 So.2d 920, 922; 13 Ruling Case Law, Verbo Highways, Section 289; 25 American Jurisprudence, Verbo Highways, Section 373.
When plaintiff was injured the broken condition of the highway had become so impaired that there existed a hole with dimensions of approximately twelve by fourteen inches and extending entirely through the wood decking of the bridge. Defendant's road foreman testified he found this situation on the morning of February 12th. That such a condition constituted a peril to motorists must be admitted. The mere happening of the accident would seem to be the best evidence of this fact. That plaintiff was injured in the manner alleged is not seriously questioned.
Appellant earnestly argues that even if it concede the dangerous condition of the highway, appellee failed to show actual or constructive knowledge of the defect. The record does not support this contention. Rual Colvin, defendant's road foreman, was, according to witness D. J. Smith, repeatedly warned of the dangerous condition over a period of two months prior to February 11, 1947. Colvin did not deny this, but countered with the explanation that although he had known of the broken condition of the concrete for some time he had passed over the bridge on the day of the accident and the broken pieces and "boulders" were not displaced. He stated he had known of the cracked condition for a number of years. Other witnesses testified they had on occasions prior to February 11, 1947, observed pieces of the concrete slab above the surface of the highway at the spot where the hole eventually formed. It has been established beyond doubt, we think, that Colvin had actual knowledge of a condition which he should have recognized *185 as creating a hazard to persons traveling over the highway. It is settled jurisprudence that where the defect in the highway is caused, or the danger from a defect is increased by the elements or vehicles using the highway, if the state, municipality or highway board responsible for the condition of the highway if otherwise liable, knew or should have known of the condition, it will be held liable. Rosier v. State, La.App.1951, 50 So.2d 31; 40 C.J.S., Highways, § 258, page 304.
Finally, appellant charges Hogg was guilty of contributory negligence in driving his motorcycle at a speed which would not permit of its being stopped within the range of its headlights. Rector v. Allied Van Lines, Inc., La.App.1940, 198 So. 516, 519 is cited in support. This case invokes the familiar rule that the driver of a motor vehicle at night must reduce his speed so that he will be able to stop within the distance illumined by the lights of the vehicle. It is thus argued Hogg was driving at too high a rate of speed to stop his motorcycle upon seeing the displaced piece of the concrete or the hole existing in the concrete slab on the bridge. A legal distinction is found in a motorist's liability between a case where the object projects above the surface of the highway and a case where the cause of the accident is a hole or depression below the surface. In either case an important factor is whether or not the accident occurs at night. Arceneaux v. Louisiana Highway Commission, La.App.1941, 5 So.2d 20. In Moore v.New Amsterdam Casualty Company, La.App.1951, 52 So.2d 766, the court stated:
"It is the duty of the operator of an automobile to maintain a speed sufficiently slow and to have such control of his automobile that he can stop within the distance in which he could plainly see an obstruction or danger ahead but the rule has no application where the motorist has no reason to anticipate or expect that a dangerous situation will suddenly emerge in front of the vehicle."
Hogg testified that he did not see the defective condition of the bridge until he was within eighteen feet of it and when it was too late for him to avoid the accident. He said in attempting to avoid the piece of concrete he struck the hole. The pavement was wet at the time and he was traveling about forty-five miles per hour. The weather was clear at the time. The record, in our opinion, does not indicate Hogg was traveling at an excessive rate of speed under the existing conditions, or that he should have observed the hole in the pavement sooner. See German v. City of New Orleans, La.App.1941, 3 So.2d 181, 182; Woodley & Collins v. Schusters' Wholesale Produce Co., 1930, 170 La. 527, 128 So. 469; Kirk v. United Gas Public Service Co., 1936, 185 La. 580, 170 So. 1; and Gaiennie v. Cooperative Produce Co., Inc., 1940, 196 La. 417, 199 So. 377, 379. We do not think, under the circumstances, that the charge of contributory negligence has been made out. Plaintiff had the right to assume the highway to be free from such a dangerous condition which in all probability would not be visible in the range of stronger headlights than those used on a motorcycle.
Plaintiff has shown his accident was caused by a dangerous condition of the highway, and defendant had actual or constructive notice of the condition for a sufficient period of time prior to February 11, 1947, in which to make proper repairs, or to give adequate warning for the protection of motorists. Plaintiff was not guilty of contributory negligence in failing to avoid striking the hole.
The judgment from which appealed allowed the sum of $4,233.90. Hogg's injuries consisted of a fractured cervical vertebra, concussion, injuries to the knee, and a slight impairment of motion in the neck with some discomfort. He has asked the award of damages to be increased to $10,000. After careful study of the record we believe the award is neither excessive nor inadequate, and, therefore, we will not disturb the amount allowed.
*186 The Highway Department has called our attention to the provision in the judgment which casts it for costs. This, of course, was an oversight in the confection of the judgment and it will be necessary to amend it to relieve the State from payment of court costs, except those due the court reporter. The State is by statute exempted from the payment of court costs. LSA-R.S. 13:4521. The exemption, however, does not extend to stenographer's costs. Goodwin v. Department of Highways, La.App.1951, 53 So.2d 161. The judgment is, therefore, amended to relieve appellant of court costs other than stenographer's costs for the taking of the testimony, and as so amended, the judgment from which appealed, is affirmed.