ELLIS, Judge.
This suit is brought by Delos Corkern for personal injuries suffered by him when he was run over by a car owned by Nora McWilliams and driven by Martin T. King. After trial on the merits, judgment was rendered dismissing plaintiff’s suit as to both defendants, from which judgment plaintiff has appealed.
The accident happened at about 9:40 p. m. on Louisiana Highway 21 six miles south of Bogalusa. Plaintiff testified that he fell, while crossing the highway, but remembers nothing after that moment. His body was lying in the middle of the road, with his legs extending about three feet into the northbound lane of traffic. He was wearing dark trousers.
Shortly thereafter, defendant’s automobile approached at a speed of about 60 miles an hour which was the speed limit. Mr. King testified that he saw plaintiff for the first time when the headlight beam passed over his body, and that he immediately attempted to evade the accident but was unable to do so.
Plaintiff admits his own negligence, but claims that defendant had the last clear chance to avoid the accident. He claims that Mr. King should have seen him sooner, and, had he done so, he would have been able to avoid the accident.
We cannot agree. We find the applicable law to have been expressed in the case of Sanders v. Eilers, 217 So.2d 205 (La.App. 1 Cir.1968) as follows:
“The rule is well established that one who operates a motor vehicle on public highways has a never ceasing duty to keep a sharp lookout ahead. A motorist is therefore held to have seen that which in the exercise of ordinary care he should have seen. Rottman v. Beverly, 183 La. 947, 165 So. 153; Jackson v. Cook, 189 La. 860, 181 So. 195. Thus, though as a general rule a motorist may assume that the road ahead is safe for travel, he must when traveling after darkness or in circumstances of limited or impaired visibility observe and so control his vehicle as to avoid discern-able objects in his path of travel; that is, in adverse conditions a greater degree of care must be exercised. Watkins v. Strickland Transportation Co. (1956), La.App., 90 So.2d 561, and Hernandez v. State Farm Mutual Automobile Insurance Company (1966), La.App., 192 So.2d 679. This last rule however is subject to the well established exception that a night driver is not charged with the duty of guarding against unusual or unexpected obstructions which he had no reason to anticipate he would encounter on the highway and which under the circumstances are difficult to discover. Gregoire v. Ohio Casualty Ins. Co., La.App., 158 So.2d 379; Gros v. United States Fidelity & Guaranty Co., La.App., 183 So.2d 670.”
In this case, the plaintiff was lying on a blacktop road, at night, wearing dark trousers. Mr. King stated that he was ten or fifteen feet from plaintiff when he realized there was a man lying in the road, rather than a branch or log, and that he immediately applied his brakes and swerved to the right. We do not think that Mr. King, under the circumstances of this case, was negligent in failing to observe plaintiff sooner than he did, and that it was then too late for him to avoid the accident.
We find the judgment appealed from to be correct, and it is affirmed at plaintiff’s cost.
Affirmed.