273 So.2d 860 (1973)
Mrs. Ruth HALE, Individually and as Natural Tutrix of the Minors, Donna Ruth Hale et al., Plaintiff-Appellant,
v.
AETNA CASUALTY & SURETY CO. et al., Defendants-Appellees.
No. 12022.
Court of Appeal of Louisiana, Second Circuit.
February 6, 1973.
Rehearing Denied March 6, 1973.
Writ Refused April 19, 1973.
*861 Lancaster, Baxter & Seale by John T. Seale, Tallulah, Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, Jr., Monroe, for plaintiffs-appellants.
Theus, Grisham, Davis & Leigh by R. L. Davis, Jr., Monroe, Norman L. Sisson, Robert J. Jones, Jonathon C. Harris by Robert J. Jones, Baton Rouge, for defendants-appellees.
Before BOLIN, PRICE and HALL, JJ.
En Banc. Rehearing Denied March 6, 1973.
BOLIN, Judge.
Mrs. Ruth Hale, individually and on behalf of her three minor children, instituted this suit for damages for the death of her husband caused by an automobile accident that occurred on October 10, 1969 on U. S. Highway 80 approximately eight miles east of Tallulah, Louisiana. Made defendants were T. L. James & Company, Inc., Louisiana Paving Company, Inc., and their insurer, Aetna Casualty and Surety Company, the Department of Highways of the State of Louisiana, and Bennie Claude Faulkenberry, an uninsured motorist. For written reasons plaintiff, individually, was awarded judgment against Faulkenberry for $6,250.47 and as tutrix of the minors for $3,000 for each child, and the demands against all other defendants were rejected. It has subsequently been conceded that T. L. James & Company was not a proper party defendant and the issue of its liability is not before this court. Otherwise, plaintiff appeals from the judgment rejecting her demands against the paving company and its insurer, and the highway department. We affirm the judgment of the district court.
The trial judge wrote an excellent opinion wherein he set forth what we consider to be all of the necessary facts and the legal principles involved. We know of no way we can improve upon his opinion but, in order to comply with the constitutional duty imposed upon this court to set forth the reasons for our judgment, we shall summarize the facts.
The fatal accident occurred about 5:10 p. m. while Mr. Hale was driving his Volkswagen automobile west. On the day of the accident and for some time previous thereto, the highway department had been repairing Highway 80 and had awarded a contract to the paving company to overlay the existing surface with black-top. The resurfacing required the laying of a base course and two black-top courses which in most places raised the surface of the highway from three and one-half inches to six inches above the shoulder of the road which had not been excavated but had been cleared of grass and debris. The accident occurred in an S-curve where the road surface *862 had been raised in some places as much as ten inches higher than the shoulder.
Immediately prior to the accident Faulkenberry was driving his Plymouth automobile east, following a large van truck. He testified it had rained intermittently and he was following within 60 or 70 feet of the truck because he thought this was the safest way to travel. He said he did not look to either side of the highway, saw no warning signs, and did not know whether the resurfaced portion of the highway was above the shoulder of the road or not. As Faulkenberry was negotiating the S-curve to his left, apparently the right wheel or wheels of the Plymouth slipped or were allowed to run off the asphalt slab. When this happened he jerked his car to the left, causing it to go over into the westbound lane and strike the Volkswagen which was approaching from the opposite direction. The left front of the Plymouth was badly damaged and the left front fender, door and side of the Volkswagen were practically demolished. The impact occurred in the westbound traffic lane.
The only eye witnesses to the accident were the two drivers. Hale was pronounced dead at the scene and Faulkenberry was taken by ambulance to a Vicksburg, Mississippi hospital from which he was discharged within a few days, having suffered only minor injuries.
The negligence of Faulkenberry is no longer an issue since he has neither appealed nor answered the appeal. The sole question for determination, as urged by plaintiff, is whether the highway department and the paving company were also guilty of negligence which was a proximate cause of the accident.
Plaintiff itemizes seven acts of negligence against the highway department and six against the paving company. In essence appellant contends these defendants were negligent (1) in failing to display adequate signs to warn the traveling public of the dangerous condition of the highway and (2) in allowing the dangerous condition to exist when it could have been corrected sooner by raising the elevation of the shoulder to the surface of the road.
We do not find any serious dispute as to the law. The highway department owes a duty to maintain its roads in a safe condition so as not to expose the traveling public to any undue hazards. This duty includes the obligation to timely repair or make safe any defects or conditions of the roads of which it has knowledge or should know about. Any person or firm contracting with the highway department to repair a road likewise owes a duty to the public to perform the contract in such a manner as not to expose those using the roads to any dangers which could be prevented by the use of ordinary and reasonable care. This obligation on the part of the highway department and the contractor imposes the duty adequately to warn motorists of the existence of any dangers created by the road repairs. Hogg v. Department of Highways (La.App.2d Cir. 1955), 80 So.2d 182; Hopkins v. State (La.App. 1st Cir. 1964), 167 So.2d 441; Harrelson v. Travelers Insurance Co. (La.App.3d Cir. 1961) 128 So.2d 254.
In addition to Bennie Faulkenberry, three of his brothers testified that they had passed the scene the day of the accident, or within a few days thereof, and saw very few warning signs. In commenting upon their testimony the trial judge said "their recollections were vague as to the existence of a center line and construction signs".
Numerous witnesses testifying for appellees said warning signs were displayed beginning at least eight miles before reaching the scene of the accident. These signs consisted of battery operated flashing devices, speed limit signs, "construction ahead" warnings, and black and white reflectors standing several feet above the ground on the shoulders. The testimony of these witnesses as well as examination *863 of several photographs introduced in evidence, convinces us the highway was adequately marked to warn a motorist of the construction work, especially since the accident happened during daylight hours.
On the issue of whether the shoulder work could have been done sooner, the evidence is that it was customary to finish a section of the resurfacing and then go back and raise the shoulders of the road. The section where the accident occurred was finished on October 4, 1969 and the accident occurred six days later. We find the witnesses for the highway department and the paving company gave good reasons for proceeding in this manner rather than raising the shoulder of the road as the resurfacing progressed. They said resurfacing and raising simultaneously would have been not only economically unsound and impractical but would have increased the hazards because of the location of additional equipment in or on the highway and the congestion of traffic. We find the record supports appellees' version.
We conclude the highway department and the contracting company, having used all reasonable precautions in repairing the road, were not guilty of negligence and that the sole, proximate cause of this accident was the gross negligence of Faulkenberry.
Appellant cites Dixie Drive It Yourself System New Orleans Co. v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962), contending that even though Faulkenberry was negligent the highway department and paving company were also guilty of actionable negligence which was a cause in fact of the accident. We have carefully studied this case and several subsequent cases which have discussed or relied on Dixie Drive It Yourself and find that the cited case is inapplicable since neither the highway department nor the paving company was guilty of actionable negligence.
The award to Mrs. Hale individually and on behalf of her children is unquestionably inadequate. The district judge realized this but took into consideration the evidence which established that Faulkenberry was impecunious. The record reflects he was 58 years of age, physically disabled, and received a total income of $125-$150 per month from Social Security. He owned no property and had no insurance. The law permits a court to take into consideration the ability of the defendant to respond in damages in determining the amount of judgment. Urk v. Southern Farm Bureau Casualty Ins. Co., 181 So.2d 69 (La.App.2d Cir. 1965).
As we appreciate appellant's brief it is not seriously urged that, if the judgment be otherwise affirmed, the quantum of the award should be raised against Faulkenberry. We find no error in this portion of the judgment.
The judgment of the lower court is affirmed.