YELVERTON, Judge.
Preston R. Plaisance appeals the rejection of his demands against Louisiana Paving Company and T.L. James, Inc. (and Highlands Insurance Company), road contractors repairing West Congress Street in the City of Lafayette, for damages for injuries sustained on August 3, 1978, when his motorcycle collided with a barricade put on the street by the defendants. The trial judge found that neither contractor was negligent in the posting of barricades and warning signs, and that, in any event, plaintiff was himself contributorily negligent (the accident happened in 1978 when contributory negligence was still a bar to recovery). Appellant complains that not only were the findings of fact regarding negligence clearly wrong, but that the trial court was also clearly wrong in failing to apply the strict liability provisions of La. Civil Code Article 2317 against the defendants. Appellant also argues that the trial court should have accorded an unfavorable presumption to defendants’ failure to call two of their subpoenaed witnesses. We find no error in any of the rulings complained of, and we affirm.
The case was tried on the merits five and a half years after the accident. Some facts are undisputed. Plaintiff left for work that morning at about 7 A.M., and took his accustomed route from his home on Eula Drive to its intersection with West Congress Street, a four lane thoroughfare, where he turned left and got on the right-hand lane going east. In that lane he came upon a barricade and, unable to change lanes and go around it because of a passing car, hit the left end of the structure and lost control.
The details about how the accident happened are disputed. Plaintiff said the speed limit was 40 and he was going 30 and that there was a car in the right-hand lane directly in front of him. He said that the car made a sudden change to the left-hand lane, exposing the barricade to his view, but that because of the suddenness of this maneuver and the effect of the sun in his eyes, he did not see the barricade in time and, despite his efforts to down-shift and reduce speed and simultaneously go around the obstruction, he was prevented from doing that because of a passing car.
This testimony was contradicted, even by plaintiffs own witnesses. The eyewitness testimony was that plaintiff was traveling between 45 to 50 miles per hour on his motorcycle, that there was no traffic ahead of him on the right-hand lane, that he was speeding up trying to overtake and pass a vehicle on the left-hand eastbound lane before he got to the barricade, and that he did not succeed.
There was also conflict in the testimony concerning the presence of warning signs. Plaintiff admitted he knew construction was going on in the area, but he denied he was aware of construction at the point of the accident. His witnesses testified that they saw no warning signs on the street on the day of the accident, but that the barricade itself could easily be seen provided there were no obstructions to view. There was other testimony that there were permanent signs up at every street intersection leading to the project, and that at the scene of this accident there was a “Road Closed Ahead” sign followed by four barricades at distances of 75 to 80 feet apart, *103 positioned to the right-hand side of the road, tapering gradually into the eastbound right-hand lane of travel on Congress.
There is a well recognized duty on the part of public road contractors to adequately warn motorists of the existence of any dangers created by the road repairs. Hale v. Aetna Casualty & Surety Co., 273 So.2d 860 (La.App. 2nd Cir.1973), writ refused 275 So.2d 867 (La.1973). The contractor is not, however, a guarantor of the safety of travelers on roadways or an insurer for injuries resulting from defects therein. Carpenter v. Travelers Insurance Company, 402 So.2d 282 (La.App. 3rd Cir.1981).
In the present case, the disputed presence of warning signs, the disputed presence of other vehicles in plaintiffs path obstructing his view, his speed, and other disputed facts, all involved factual determinations of the trial court, and all of the facts were resolved in favor of defendants and against plaintiff. Factual determinations of the trial court will not be disturbed on appeal unless the record reveals the trial court’s decision is manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our review of the entire record indicates that the factual findings of the trial court were correct.
We likewise find no merit to the argument that Article 2317 is applicable. For recovery under this article, a plaintiff must show: (1) that the thing which caused the injury was in the care or custody of the defendant-owner; (2) that a vice or defect existed in the thing and; (3) that the vice or defect caused the injury. A vice or defect is defined as one which creates an unreasonable risk of injury to another. Loescher v. Parr, 324 So.2d 441 (La.1975).
In the instant case the thing which caused the injury was the barricade, and it was in the care and custody of the defendants; therefore, the first element was satisfied. It was not however, because of any vice or defect in the barricade that the injury happened, as it was plainly visible, pointed out by ample warning signs, and in an area where plaintiff knew construction was going on. Article 2317 is not applicable.
Finally, we cannot subscribe to appellant’s argument that an adverse presumption should be invoked against defendants because two witnesses, the driver of the car on plaintiff’s left when he hit the barricade, and the investigating officer, were subpoenaed by defendants, were present at the trial, and were not called to testify. On the facts of this case, it is probable that the testimony of both of these witnesses would have been merely cumulative. There were other eyewitnesses who saw the accident and who testified concerning it. Moreover, these witnesses were present in court, their presence was known to plaintiff, and they could have been called by plaintiff. The witnesses were therefore equally available to both parties. See Young v. State Farm Fire & Cas. Ins. Co., 426 So.2d 636 (La.App. 1st Cir.1982), writ denied 433 So.2d 148 (La. 1983). There is no merit to this assignment of error.
For the foregoing reasons, judgment is affirmed at appellant’s costs.
AFFIRMED.