DUFRESNE, Judge.
These are consolidated appeals by the driver of an automobile and three of his passengers, plaintiffs-appellants, from adverse judgments in their suits against the Louisiana Department of Transportation and Development (DOTD), defendant-appel-lee, for injuries sustained when the car in which they were riding struck a concrete barricade on Interstate 55. We affirm.
The accident occurred on the elevated portion of Interstate 55, at the Ruddock exit. Charles Fortenberry, the driver, was proceeding north on the completed portion of the highway. There were no other cars visible to him on the road. All traffic was required to leave the elevated roadway at this exit because the next portion of the highway was not yet completed. It is undisputed that from about one mile before the exit a series of warning signs were in place. Photographs show the following signs at intervals: one Reduce Speed Ahead; two large All Traffic Exit Next Right with 35 M.P.H. signs attached; and then a Form Single Line Right sign. Testimony from the police officer who investigated the accident, which the trial court found credible, was that there were some twenty orange and white barrels in place which channeled traffic to the exit. Beyond the exit was a concrete barricade with black and white reflectors attached to it.
Fortenberry testified that he was traveling with his cruise control set at 55 miles per hour, but the officer estimated a speed of 65 miles per hour. Fortenberry admitted that he saw the signs directing all traffic to exit the roadway. He denied that he saw any barrels in place, or that the barricade was marked, but the trial court found that this testimony was “simply not credible”. Fortenberry also stated that he thought that he could continue on the highway beyond the exit, but gave no explana *133 tion for this conclusion. He admitted that he had only driven this highway once before and was therefore not familiar with it. He passed the line of barrels without reducing his speed, and did not apply his brakes until he was 66 feet from the barricade. His own expert testified that if the barricade was marked, it would have been visible at a minimum of 400 feet. The occupants of the car suffered various injuries when they crashed into the barricade.
On these facts, the trial court concluded that the sole causes of the accident were Fortenberry’s willful disregard of the warning signs and his speed of 65 miles per hour in a 35 M.P.H. zone. He further found that there were no defects in the warning system or in the type and positioning of the barricade which presented an unreasonable risk of harm or contributed to this accident. All plaintiffs now appeal.
The first allegation is that the trial court erred in stating that certain testimony by plaintiffs’ expert was irrelevant. The testimony at issue was that there should have been more barrels and signs, as well as a solid white line going toward the exit. It is urged that this evidence went to show improper design of the exit and therefore that it was relevant. Technically, this assertion of relevance is correct. However, our reading of the reasons for judgment indicates that the trial court was not ruling on the admissability of this evidence. He found as matters of fact that the barrels were in place, that Fortenberry saw them despite his testimony to the contrary, that he had ample notice that he was required to exit, and nonetheless willfully chose not to do so. The expert’s testimony was directed to the question of whether the various markers were properly designed so as to give sufficient notice to motorists as to how to proceed. It is obvious to this court that in determining that Fortenberry was given sufficient notice of how to proceed by the markers, but chose to disregard that information, the trial court was rejecting the expert’s testimony. We find no manifest error in these determinations.
A similar issue is raised by the allegation that it was error for the trial court not to find that the absence of lights or flares on the barrels and a solid white line leading to the exit, as well as failing to obliterate the usual center stripe markings between the normal lanes of traffic, constituted violations of generally accepted engineering standards. Again we disagree. The DOTD expert admitted that it would have been better practice to incorporate these features into the exit system, but that these features were only recommended by the department’s manual rather than mandated, cf. Chiasson v. Whitney, 427 So.2d 470 (La.App. 5th Cir.1983). Moreover, in Pitre v. Aetna Ins. Co., 456 So.2d 626 (La.1984) it was held that the proper inquiry is not whether there was some technical violation of a highway regulation, but whether the warning system adequately informed motorists of potential dangers on the highway. Here, the trial court determined that Fortenberry had adequate notice that he was required to leave the highway, but willfully chose to disregard these warnings. Thus, even assuming that an exit could have been designed which would have given motorists an even clearer indication of how to proceed, that has no bearing on this case. The trial court found as fact that Fortenberry saw the signs and barrels and knew that he was required to exit. Clearly, the system used gave this driver adequate information, and the trial court committed no manifest error in concluding that it was not a defect which presented an unreasonable risk of harm.
The final issue is whether the concrete barricade was a defect which presented unreasonable risks of harm and contributed to this accident. The trial judge found that it was not such a defect, and that the positioning of the barrier was not a cause of the incident. The plaintiffs’ expert testified that the barricade was improper in that it was placed directly across the road, rather than at an angle. He also stated, however, that if reflectors were in fact placed on the barrier, as the trial court found, it would have been visable at a minimum distance of 400 feet with dimmed *134 headlights, and 600 feet with high beams. Further, the posted speed on this portion of road was 35 M.P.H. The trial court found that Fortenberry was traveling at 65 miles per hour. There was no evidence to indicate at what point the driver actually saw the barricade, but skid marks showed that he applied his brakes only 66 feet before the impact. On these facts, the trial judge determined that the barricade was not a defect in that it was marked so as to be clearly visible at 400 feet in a 85 M.P.H speed zone. He further determined that the sole cause of the accident was Forten-berry’s speeding and lack of attention to his driving. We find no manifest error in these determinations, Plaisance v. Highlands Ins. Co., 467 So.2d 101 (La.App. 3rd Cir.1985).
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.