216 So.2d 832 (1968)
Claude Daniel McCULLIN, Plaintiff-Appellant,
v.
STATE of Louisiana DEPARTMENT OF HIGHWAYS, Defendant-Appellee.
No. 11128.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1968.
Rehearing Denied January 7, 1969.
Leroy Scott, Jr., Bodenheimer & Jones, Nesib Nader, Shreveport, for plaintiff-appellant.
Herbert M. Williams, Baton Rouge, Lunn, Irion, Switzer, Johnson & Salley, Shreveport, for defendant-appellee.
Before AYRES, BOLIN and DIXON, JJ.
*833 BOLIN, Judge.
While driving east on the "Caddo Lake Dam Road" on June 8, 1952, plaintiff lost control of his 1937 Plymouth which left the road and overturned. McCullin was thrown from the car to the road causing him serious and disabling injuries. Alleging the accident was caused by the negligence of the Department of Highways of the State of Louisiana in failing to maintain the highway, or to adequately warn the public of its defective condition, plaintiff instituted the present action on December 31, 1954, to recover damages for his personal injuries and expenses incurred in connection therewith. An exception of no cause and no right of action was sustained by the trial court, which ruling was reversed on appeal by this court (94 So.2d 585), and the case was remanded for trial on its merits. Following trial the district judge, for written reasons, rejected plaintiff's demands and he appeals. Defendant answers the appeal specifying error of the lower court in failing to sustain defendant's plea of prescription and preemption of ten years under the provisions of La. R.S. 49:112.
The allegations of fact and the law are accurately and succinctly set forth in our former opinion on the exception. Additionally, we think the facts established on trial are correctly stated in the trial judge's opinion and, consequently, we shall not burden this record with a lengthly discourse on the evidence.
The primary issue is one of fact, i. e., has plaintiff proved his damages were caused by the fault of defendant?
Plaintiff's version of the accident is that on the day in question he and Mr. E. L. Landry decided to go fishing at Caddo Lake. Accompanying them in the car were Landry's wife and their two minor children. This was plaintiff's first time to drive the vehicle on the Caddo Lake Dam Road. He said the first few hundred yards of the road had a blacktop surface but it was slightly rough so he reduced the speed of his car. After traveling only a short distance the blacktop portion ended and the surface was graveled. Approximately the first one hundred yards of the gravel road was not very rough but he claimed soon thereafter his car hit a "chuck hole" in the road causing him to lose control of his car. He was thrown from the car onto the road and suffered the disabling injuries made the basis of this suit.
Many witnesses testified, but since approximately fifteen years had elapsed from the date of the accident until the trial, all witnesses were somewhat vague as to some of the incidents and details surrounding the accident. Plaintiff presented numerous witnesses, most of whom lived in the vicinity of the scene of the accident, who testified generally to the effect that the graveled portion of the road was in a deplorable state of disrepair; that it was full of holes and ruts; that they had never seen any employees of the Highway Department do any work on the road and it was not maintained by the State. The versions given by the numerous witnesses testifying for defendant were almost diametrically opposed to those given by plaintiff's witnesses. Some of these defense witnesses were former employees of the Department of Highways whose duties included looking after the road upon which the accident occurred and they testified the road was regularly inspected and graded and was no different from any other gravel road in the State.
The first people to arrive at the scene following the accident were Weldon J. Scott, the foreman who was in charge of maintenance of the road, his wife and his wife's sister. Mrs. Scott and her sister took some of the occupants of the wrecked vehicle to the hospital. McCullin, who was knocked unconscious, was removed to the hospital by ambulance. Apparently one of the next persons to arrive at the scene was Mr. Earl Elmore. All of these parties testified that the surface of the road at the time of the accident was the same as any other normal gravel road and they had no *834 difficulty in traveling over it. Mr. Scott further testified he was an employee of the Highway Department and had been a foreman for approximately fifteen years and that the accident occurred approximately two-tenths of a mile from the end of the blacktop on an average or plain gravel road. He said the road had been regularly inspected and graded.
The State of Louisiana owes to the public a duty to maintain its highways so they will be in a reasonably safe condition for the traveling public at all times. This duty encompasses an obligation to have an efficient and continuous system of inspection of the highways and bridges. The Highway Department, however, is not required to maintain a perfect condition of repair or system of inspection, but its officers and employees are required to use ordinary and reasonable care in order to insure that the highways and bridges will be in a reasonable safe condition. Hogg v. Department of Highways of State of Louisiana, 80 So.2d 182, La.App. 2 Cir. 1955.
A motorist using a public highway has a right to presume and to act upon such presumption that the highway is safe for usual and ordinary traffic and he is not required to anticipate extraordinary danger, impediments or obstructions to which his attention has not been directed. Reeves v. State of Louisiana and/or Department of Highways of State of Louisiana, 80 So. 2d 206, La.App. 2 Cir. 1955.
From our review of the record we find plaintiff has failed to show defendant was negligent in its maintenance of the road upon which plaintiff was operating his vehicle at the time of the accident. To the contrary, we think defendant has affirmatively shown the road was regularly maintained and inspected and was in a reasonably safe condition and, under the law as heretofore set out, plaintiff's demands were properly rejected. Having reached this conclusion it is unnecessary for us to pass on defendant's plea of contributory negligence or the questions of prescription and preemption.
The judgment appealed from is affirmed at appellant's cost.