338 So.2d 338 (1976)
Charlie JONES, Plaintiff-Appellee,
v.
LOUISIANA DEPARTMENT OF HIGHWAYS, Defendant-Appellant.
No. 5644.
Court of Appeal of Louisiana, Third Circuit.
September 22, 1976.
Rehearing Denied November 4, 1976.
*339 William J. Doran, Jr., Baton Rouge, Gist, Methvin & Trimble by DeWitt T. Methvin, Jr., Alexandria, for defendants and appellants.
Russell E. Gahagan, Natchitoches, for plaintiff and appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
Defendant, Department of Highways, appeals from a judgment awarding $27,826.53 to plaintiff, Charlie Jones, for personal injuries. Jones answered the appeal seeking an increase in the award. We affirm the judgment of the District Court.
This case was consolidated for trial and appeal with Jones v. Louisiana Department of Highways, 338 So.2d 343 (#5643, La. App.3rd Cir. 1976) in which a separate opinion is being rendered this date. Also consolidated for trial and appeal with this action was the case of Jones v. Louisiana Department of Highways, 338 So.2d 344 (#5645, La.App.3rd Cir. 1976) in which a separate opinion is also being rendered this date.[1] In Nos. 5643 and 5645 the Louisiana *340 Department of Highways instituted third party actions against State Farm. Prior to trial, the minors' claims in #5643 and # 5645 against State Farm were settled, and the Highway Department dismissed its third party demands against the insurer subject to a reservation of rights to a proportionate credit should Jones be found contributorily negligent.
On the afternoon of March 23, 1975, at approximately 4:30 P.M. plaintiff was driving his 1961 Ford Automobile south on Louisiana Highway 9 near Campti, in Natchitoches Parish. Riding in the front seat with him were his two grandsons, Timothy Evans and Royce Evans, 9 and 11 years of age, respectively. Situated in the rear seat of the vehicle was plaintiff's 11 year old son, Charlie Glenn Jones. Louisiana Highway 9, at that point, is a paved two-laned highway. Plaintiff executed a simple passing maneuver, at a speed of approximately 40 miles per hour, and, upon returning to his lane of travel, struck a large hole in the road, causing him to lose control of his vehicle and leave the roadway. The automobile rolled over into a ditch, and all passengers were injured. There was a rainstorm in progress at the time.
Plaintiff instituted these actions in several capacities, maintaining, in #5644, that the sole cause of the accident was the negligence of the Louisiana Department of Highways and alleging in Nos. 5643 and 5645 that causation was due to the joint negligence of himself and the Highway Department.
Numerous witnesses testified that the section of Louisiana Highway 9 upon which plaintiff had his accident was generally in a deplorable condition. In fact, the following testimony was elicited from Troy Vascocu, an employee of the Louisiana Department of Highways and the department's parish maintenance superintendent for Natchitoches Parish:
"Q. Did you hear any of the members of your maintenance crew tell him, the lawyer representing the Department of Highways, at that meeting, that that road had been in a terrible condition for months?
A. Yes, sir.
Q. You heard some of your own men tell him that, didn't you?
A. (NO ANSWER)
Q. Why do you reckon they told him that?
A. Its obviously the condition of the road.
Q. But they told him that because it was the truth?
A. That's right.
Q. Did they tell you that prior to March 23, 1975?
A. I knew it.
Q. You knew it, they didn't have to tell you?
A. They didn't have to tell me, I knew the condition of it."
Descriptions of the hole which plaintiff's vehicle struck on Highway 9 indicate that the crevice was from 8 to 14 inches deep and 12 to 24 inches in circumference. It is interesting to note that numerous witnesses testified that they had struck the same hole on occasions prior to the date of plaintiff's accident. J. C. Windham, a resident of Creston, Louisiana, stated that he had knowledge of the hole and that it had been there for some time prior to March 23, 1975. Coley Scallions, also a resident of Creston, testified that he had struck the same hole prior to plaintiff's accident and had knocked the front end of his vehicle out of line. Vivian Miley, of Campti, Louisiana, testified that her automobile struck the same hole approximately two to three days before plaintiff's accident, the impact breaking the shocks on her automobile. G. W. Lloyd, a resident of Chestnut, Louisiana, ran into the same hole approximately two weeks prior to Mr. Jones' accident, and lost control of his vehicle. That incident also occurred during a rainstorm, and the witness testified that because of the water in the hole he was unable to see it. Finally, Buster Hawkins, owner of a wrecker service in Campti, Louisiana, testified that when he reached the scene of plaintiff's accident to recover the latter's automobile *341 he struck the same hole in his wrecker and temporarily lost control of that vehicle.

THE HIGHWAY DEPARTMENT'S NEGLIGENCE
The Louisiana Department of Highways owes a duty to the public to maintain the state's highways in a reasonably safe condition for the travelling public at all times. This duty encompasses an obligation to provide and enforce an efficient and continuous system of inspection of all state highways and bridges. McCullin v. State, Department of Highways, 216 So.2d 832 (La.App.2nd Cir. 1968).
It is the duty of the Highway Department to repair and make safe any defect in the road of which it has or should have knowledge. Hale v. Aetna Casualty & Surety Company, 273 So.2d 860 (La.App. 2nd Cir. 1973), writ refused, 275 So.2d 867 (La.1973).
The test for determining what is a dangerous defect in a public way generally requires an answer to the question: Was the public way maintained in a reasonably safe condition for persons exercising ordinary care and prudence? Pickens v. St. Tammany Parish Police Jury, 323 So.2d 430 (La.1975); Wilkinson v. American Insurance Company of Newark, New Jersey, 311 So.2d 584 (La.App.3rd Cir. 1975).
However, before the Highway Department will be found negligent it must be shown that the Department had either actual or constructive notice of the dangerous condition and failed within a reasonable time to correct it. Wilkinson v. American Insurance Company of Newark, New Jersey, supra; Laborde v. Louisiana Department of Highways, 300 So.2d 579 (La.App. 3rd Cir. 1974), writ refused, 303 So.2d 182 (La.1974).
The evidence concerning the extremely poor condition of Louisiana Highway 9 in the area of plaintiff's accident is overwhelming. There is uncontradicted testimony that the hole in question was in existence at least two weeks prior to March 23, 1975. Furthermore, the Highway Department's resident maintenance superintendent admitted that he and his employees were aware of the conditions of the road and its dire need of repair. Whether the Department had actual notice of the particular hole which plaintiff's vehicle struck is of little consequence. The Department is required to maintain an efficient system of inspection and repair, and the fact that such a serious defect existed on an already poor roadway is sufficient proof that the Department breached its duty to the motoring public. We are compelled to agree with the trial judge's conclusion that the Louisiana Department of Highways was negligent in its failure to discover and/or remedy the defect which caused plaintiff's accident.

PLAINTIFF'S CONTRIBUTORY NEGLIGENCE
The Department contends that Charlie Jones was contributorily negligent in failing to see the hole and avoid striking same. Plaintiff testified that he was travelling at a speed of approximately 40 miles per hour, in a rainstorm, when the accident occurred. The investigating officer's report corroborated that testimony. Plaintiff also testified that he was basically unfamiliar with that section of Highway 9, although he lived only a few miles from the point of his accident.
On the day of the accident plaintiff was returning to his home from a fishing camp which he and his wife had planned to rent for the summer. Mr. Jones testified that he had only been to the camp on two prior occasions, once in late 1974, to look at a pistol which the tenant, Charles Sexton, had for sale, and the second visit being approximately one week prior to his accident, when Mr. Jones and his wife inspected the camp in the process of entering into a rental agreement therefor. Additionally, plaintiff worked twelve hours a day, seven days a week, as the operator of a service station located some miles distant from the point of his accident. He testified that due to the time-consuming nature of his job, he seldom ventured beyond the area of his work or residence.
*342 The evidence indicates that there were numerous holes on Highway 9 but apparently the one which plaintiff's vehicle struck was the most severe. There was uncontradicted testimony to the effect that during a rainstorm these holes filled with water, rendering it virtually impossible for a motorist to determine their depth and breadth. Plaintiff was unfamiliar with this particular highway, and there is every indication that he proceeded with reasonable care upon it on the date of his accident. After a careful review of the record we find a sufficient basis therein to support the trial judge's conclusion that plaintiff, Charlie Jones, was free of contributory negligence.

JUDICIAL CONFESSION
In suit # 5643, paragraph 7 of plaintiff's petition reads as follows:
"The accident was caused by the joint negligence of Louisiana Department of Highways in failing to maintain the public highway in a safe condition, and of Charlie Jones in not maintaining a proper look out and keeping his automobile under proper control."
An identical allegation is found in paragraph 7 of plaintiff's petition in suit # 5645. The Highway Department contends that said allegations amount to judicial confessions by Charlie Jones to the effect that he was guilty of some negligence in causing the injuries to himself and the minors. The Department maintains the position that the admissions should act to bar Mr. Jones' recovery and force his liability insurer into a contribution posture.
We reject this argument. LSA-C.C. Art. 2291 dealing with judicial confessions provides as follows:
"Art. 2291. The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to full proof against him who has made it.
It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law." (Emphasis added).
By its very terms, LSA-C.C. 2291 applies only to admissions made by parties. In suit # 5643 Mr. Jones sued as provisional tutor of his grandsons, and in # 5645 he assumed the position of administrator of the estate of his minor child. As such Mr. Jones appeared only in a representative capacity for the real parties in interest, and any admissions or statements made by him in those proceedings cannot operate to affect his personal rights, since he was not a true party in either of those lawsuits. See Alleman v. Sentry Insurance Company, 257 So.2d 799 (La.App.3rd Cir. 1972), writ refused, 261 La. 466, 259 So.2d 915.

HIGHWAY DEPARTMENT'S CLAIM TO PROPORTIONATE CREDIT
The Highway Department argues in the alternative that should plaintiff, Mr. Jones, be deemed guilty of contributory negligence, the award granted to the minors against the former should be reduced by one-half since plaintiffs (minors) released an alleged co-tortfeasor's (Jones') insurer. There has been no finding of contributory negligence on the part of Mr. Jones, and thus the Department's argument is without merit. See Harvey v. Travelers Insurance Company, 163 So.2d 915 (La.App. 3rd Cir. 1964); Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).

QUANTUM
In the accident plaintiff lost most of his teeth and suffered numerous fractured ribs as well as a compression fracture of the twelfth dorsal vertebra. He testified that he was unable to return to work as of the time of trial of this matter, however, several physicians opined that his disability was attributed to the residuals of the accident as well as a pre-existing emphysema condition. The record is absolutely devoid of proof that plaintiff is permanently disabled. Thus the trial judge awarded plaintiff *343 $6,000.00 for lost wages and $5,200.00 for lost future wages. Considering the weakness of the record concerning permanent disability we cannot say that the trial judge erred in this portion of his award.
Plaintiff was awarded substantially all of the other special damages which he claimed, and recovered $12,000.00 for pain and suffering. Considering plaintiff's injuries we find that award neither inadequate nor excessive.
For the above and foregoing reasons the judgment of the District Court is affirmed in all respects. Costs of this appeal, insofar as allowed by law, are assessed against defendant-appellant, Louisiana Department of Highways.
AFFIRMED.
NOTES
[1] State Farm Mutual Automobile Insurance Company was the liability insurer of Charlie Jones.